NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRACE ADAMCZEWSKI, : | |
| : | Civil Action No. 10-04862 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| EMERSON ELECTRIC CO. and : | |
| HOME DEPOT U.S.A., INC., : | |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

  This matter comes before the Court on the motion to remand filed by Plaintiff Grace Adamczewski (docket entry 8). Defendants Emerson Electric Co. ("Emerson") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants") have opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Plaintiff's motion to remand this action.

**I. BACKGROUND**

  Plaintiff brought this product liability action against Defendants for property damage sustained as a result of an alleged product failure on October 10, 2007. According to the Complaint, the hot water dispenser designed and manufactured by Emerson and sold by Home

Depot failed, causing "significant water damage" to Plaintiff's apartment and personal property, as well as damage to several apartments below. (Compl., ¶ 8.) The Complaint avers that, as a result of Defendants' actions, Plaintiff is entitled to compensatory damages, - for damage to personal property and costs associated with repair of neighbors' apartments - as well as costs of suit and attorney's fees, and any further equitable relief as the court may deem just. (Compl., ¶¶ 9, 10, 17.)

Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Bergen County. Defendants removed the action to this Court on September 22, 2010.

## II.  DISCUSSION

Defendants removed this action from state court pursuant to 28 U.S.C. § 1441(a), grounding the basis for removal in federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). The Notice of Removal filed by Defendants asserts that the action satisfies both the diversity of citizenship and amount in controversy requirements of Section 1332(a)(1).  Plaintiff challenges the existence of diversity jurisdiction on the grounds that the amount in controversy does not exceed $75,000, as required by the diversity jurisdiction statute.  (Plaintiff concedes that diversity of citizenship exists between the parties, and the Court is satisfied that this jurisdictional requirement is adequately pled.)

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Section 1441 must be strictly construed against

removal, with all doubts to be resolved in favor of remand. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546 (2005).

"[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537 (1824)). The Supreme Court refers to this as the "time-of-filing rule:" "[i]t measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Id.* at 571. Thus, the instant motion to remand, premised on a challenge to the diversity jurisdictional amount-in-controversy requirement, requires that the Court look to the state of facts that existed at the time of filing the Complaint.

The next question concerns the standard that this Court must apply in examining the state of the facts that existed at the time of filing. Where, as in this case, the dispute over subject matter jurisdiction concerns the amount in controversy, the Third Circuit applies the "legal certainty" test established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *See Federico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citing *Samuel-Bassett*, 357 F.3d at 398). Under the *Red Cab* test, the case must be dismissed or

remanded "only if 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" *Id.* (quoting *Red Cab*, 303 U.S. at 289.)  While Defendants indeed bear the burden of demonstrating that there is subject matter jurisdiction, doing so does not require them to make an affirmative showing that Plaintiff is more likely than not entitled to more than $75,000 in damages.  There is a significant difference between a standard requiring a removing defendant to prove the value of plaintiff's claim and a standard requiring the defendant to demonstrate that recovering over $75,000 is not foreclosed by the allegations of the complaint.  The difference is highlighted by the Third Circuit in *Federico*:

> Under *Red Cab*, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000-a substantially different standard. This reading of the legal certainty test is supported by *Meritcare*, *Bloom*, *Packard*, and *Nelson*. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

*Federico*, 507 F.3d at 195 (quoting *Valley v. State Farm Fire and Cas. Ins. Co.*, 504 F.Supp.2d 1, 3-4 (E.D.Pa.2006)) (emphasis in quotation).  While *Federico* noted that in some cases, a defendant seeking removal would indeed have to meet the more onerous burden of proving that the plaintiff *can* recover the jurisdictional amount, that standard applies only where the complaint specifically avers that the amount in controversy is less than the jurisdictional minimum. *Id.* at 196-97.  In the instant case, Plaintiff's Complaint does not specifically allege an amount in controversy; rather, a demand is made for an unspecified amount of damages, attorney's fees, and

4

costs of suit. (Compl. at 17.) Thus, pursuant to *Frederico*, the *Red Cab* and *Samuel-Bassett* standard applied by the Court here governs. *Id.* at 197.

The pleadings in this action do not make it apparent, to a legal certainty, that Plaintiff *cannot* recover more than $75,000 for her alleged harm. Plaintiff's Complaint asserts seven discrete categories of unliquidated damages: (1) damage to wooden floors, (2) damage to walls, (3) damage to rugs, (4) damage to other personal property, (5) damage to neighboring apartments, (6) costs of suit and attorney's fees, and (7) other damages as this court deems appropriate. Prior to filing the Complaint, Plaintiff provided an itemized list of damages to Emerson's claims department, stating that the damage to the floors, walls, rugs, and neighboring apartments totaled approximately $70,000. Plaintiff's estimate is based, in part, on varying quotes for labor, replacement materials, moving, and storage for an undetermined period of time, as well as on the purchase price of a certain item from over five years ago. This calculation, which nearly reaches the jurisdictional requirement, is clearly speculative and subject to change and possible increase. In addition, the $70,000 approximation does not include what Plaintiff might recover for any cost of attorney's fees incurred in defending claims by her neighbors against her.[1] As such, the Court finds that the value of Plaintiff's claims, as pled in the Complaint, could exceed $75,000 if its averments are substantiated.

---

[1] While Plaintiff contends that legal representation was only necessary in defending against one neighbor and that the legal fees incurred were solely $1,500, under the time-of-filing rule, "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed" and once vested, cannot be ousted by later events. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) (citing *Mullan v. Torrance*, 22 U.S. 537, 539 (1824)). In this case, the Court looks to the circumstances as of the time the Complaint was filed and will not consider the subsequent resolution of Plaintiff's neighbors' claims.

### III. CONCLUSION

For the foregoing reasons, this Court is satisfied that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and accordingly will deny Plaintiff's motion to remand. An appropriate form of order will be filed together with this Opinion.

 s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: March 22, 2011